*In the matter of the Petition of* SCOTT E. WINNE *for a Writ of Habeas Corpus.*

1. MISDEMEANOR — *Complainant.* The complainant referred to in § 18, ch. 83, Comp. Laws of 1885, relating to procedure before justices in misdemeanors, is the party who makes to a justice of the peace, on his oath or affirmation, a complaint charging a person with the commission of a misdemeanor.

2. ———— *Witness; Costs.* Under said § 18 of ch. 83, a justice of the peace has no authority to enter judgment against a witness for the costs that have accrued in the proceedings had upon a complaint charging a person with the commission of a misdemeanor, when such witness has not made, signed or filed with the justice any complaint in the cause.

*Original Proceeding in Habeas Corpus.*

PETITION filed November 3, 1887. The facts are sufficiently stated in the opinion, filed during the session of the court in March, 1889.

*Rightmire & Gifford, G. P. Cline,* and *Hughes & Johns,* for petitioner.

*L. B. Kellogg,* attorney general, for respondent; *Irwin Taylor,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: On September 10, 1887, C. H. Wilson made a written complaint, on oath, to Robert Lyle, a justice of the peace of the city of Larned, charging W. B. Culbertson with the commission of a misdemeanor. The justice issued his warrant for the arrest of the accused; subsequently Culbertson was arrested, and the hearing of the complaint set for September 20, 1887, at one o'clock P. M., the accused being required to give bond for his appearance at that time; the cause was continued to September 21, 1887, and then tried. The witnesses for the state were Scott E. Winne, C. H. Wilson, and Henry Peters; the jury failed to agree, and were discharged. By agreement of the parties, the second trial was set for October 3, 1887, at one o'clock P. M., but the witnesses for the prosecution were not subpenaed or directed to appear at that time; at 1:30 P. M. of that day the cause was called for trial, all of the parties being present; the witness, Scott E. Winne, being absent, the cause was continued until 4 o'clock P. M. of the same day; at that hour the case was called again for trial; Scott E. Winne not appearing, the county attorney asked the justice to dismiss the cause at his costs; the justice allowed the motion, deciding that Winne was the real prosecutor; that the complaint was malicious and without probable cause. In rendering judgment against Winne for costs, the justice also ordered that he be committed to jail until the costs were paid. Subsequently, the justice issued an execution and commitment against him, and thereon he was arrested and confined in the jail of Pawnee county.

On the part of the petitioner, it is contended that the justice of the peace had no authority to tax the costs of the prosecution against him; that he had no knowledge that the cause was assigned for trial on October 3, 1887; that he was not the complainant, but only a witness, and that he had no notice of the motion to tax the costs, or of the rendition of the judgment against him, until he was arrested.

We think the contention of the petitioner is well taken.

Section 2, chapter 83, Comp. Laws of 1885, relating to criminal procedure before justices, reads:

"Whenever a complaint shall be made to a justice of the peace, on the oath or affirmation of a person competent to testify, charging any person with the commission of any misdemeanor, he shall forthwith issue a warrant for the arrest of such person, and cause him to be brought forthwith before him for trial. Such warrant shall be executed by the sheriff or any constable of the county, or any person specially appointed, in writing, by the justice."

And § 18 of said chapter 83 provides:

"Whenever the defendant, tried under the provisions of this act, shall be acquitted, he shall be immediately discharged, and if the justice or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the justice shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail until such costs be paid, unless he shall execute a bond to the state, in double the amount thereof, with security satisfactory to the justice, that he will pay such judgment within thirty days after the date of its rendition."

C. H. Wilson is the party who made, subscribed and filed the complaint with the justice of the peace; therefore, within the provisions of the statute, he was the complainant, not Winne. The statute gives authority to the justice to enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon the complaint, and may commit the complainant to jail until the costs are paid; but the statute does not permit the justice to enter judgment against a witness for costs, however material the testimony of that witness might have been. The statute is the authority and limit of power of the justice of the peace in such proceedings, and his attempt to compel Winne to pay the costs was wholly beyond his jurisdiction; therefore the imprisonment and restraint, under the commitment of the justice of the peace, were not only unjust, but illegal. Section 326,

9—41 KAS.

chapter 82, refers to the costs in other criminal proceedings, and differs somewhat in its provisions from said §18.

The petitioner will be discharged, and recover his costs.

All the Justices concurring.